1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ORLONZO HEDRINGTON,                    No.  1:22-cv-1425 KJM DB PS

12              Plaintiff,

13        v.

14   VETERAN'S ADMINISTRATION OF            FINDINGS AND RECOMMENDATIONS
     THE UNITED STATES OF AMERICA, et
15   al.,

16              Defendants.

17

18        Plaintiff Orlonzo Hedrington is proceeding in this action pro se.  This matter was referred

19   to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

20   before the undersigned are defendants' motions to dismiss, as well as plaintiff's motions to

21   dismiss.  (ECF Nos. 9, 28, 40 & 45.)

22        Having considered the parties' briefing, and for the reasons stated below, the undersigned

23   recommends that defendants' motions to dismiss be granted, plaintiff's motions to dismiss be

24   denied, and this action be closed.

25                            **BACKGROUND**

26        Plaintiff, proceeding pro se, commenced this action on November 4, 2022, by filing a

27   complaint and paying the required filing in Fresno Division of this court.  (ECF No. 1.)  The

28   compliant alleges that on January 22, 2016, plaintiff was recovering from an operation at the

                                           1

David Grant Medical Center at Travis Air Force Base when plaintiff "was allowed to be drugged and sexually touched and penetrated without his consent," by an employee.[1]  (Compl. (ECF No. 1 at 1.[2])  According to the complaint, "this lawsuit is not about that," but instead is "about the INVESTIGATION . . . that was conducted by AIR FORCE OFFICER SPECIAL INVESTIGATION: SA ANGELINA MONTECALVO AND U.S. NAVY AND FAIRFIELD POCIE DEPARTMENT; DET. MICHAEAL ARIMBOANGA[.]"  (Id. at 2.)  The only defendant named in the complaint is the "VETERANS ADMINISTRATION OF THE UNITED STATES OF AMERICA," and the only cause of action asserted is for "Investigation Negligence Claim under the Federal Tort Claims Act."  (Id. at 3, 4.)

On March 31, 2023, summons issued as to defendant Veteran's Administration of the United States of America ("VA").  (ECF No. 5.)  On May 11, 2023, Medical Board of California ("Medical Board") filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rules") or for a more definite statement pursuant to Rule 12(e).  (ECF No. 9.) Thereafter, plaintiff filed an opposition and defendant a reply.  (ECF Nos. 19 & 27.)  On June 9, 2023, this action was reassigned from the previously assigned magistrate judge to the undersigned pursuant to a related case order.  (ECF No. 21.)

On June 20, 2023, defendant VA filed a motion to dismiss pursuant to Rules 12(b)(1), (4), (5), or in the alternative for summary judgement pursuant to Rule 56.  (ECF No. 28.)  On July 24, 2023, plaintiff filed a document styled "PLAINTIFF'S DISMISS DEFENDANTS VA'S MOTIONS."  (ECF No. 36.)  On July 28, 2023, defendant filed a reply.  (ECF No. 38.)

On August 14, 2023, plaintiff filed a motion to dismiss defendant's motion to dismiss. (ECF No. 40.)  On October 2, 2023, plaintiff filed an opposition to defendant's motion to dismiss. (ECF No. 41.)  On October 13, 2023, plaintiff filed a motion seeking "to dismiss the motion for summary judgment[.]"[3]  (ECF No. 45 at 1.)

---

[1] Although the complaint often refers to dates in January of 2018, it seems clear that the events at issue occurred in January of 2016.  (Compl. (ECF No. 1) at 1-2.)

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3] Although styled as motions, plaintiff's filings are sur replies to defendants' motions to dismiss. The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local

1                                 **STANDARDS**

2   **I.**       **Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)**

3        Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by

4 motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific

5 claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may

6 either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the

7 existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.,

8 594 F.2d 730, 733 (9th Cir. 1979).

9        When a party brings a facial attack to subject matter jurisdiction, that party contends that

10 the allegations of jurisdiction contained in the complaint are insufficient on their face to

11 demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039

12 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards

13 similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes,

14 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir.

15 1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted

16 only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v.

17 Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v.

18 Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may review

19 evidence beyond the complaint without converting the motion to dismiss into a motion for

20 summary judgment" when resolving a facial attack.  Safe Air for Everyone, 373 F.3d at 1039.

21        When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no

22 presumption of truthfulness attaches to the plaintiff's allegations.  Thornhill Publ'g Co., 594 F.2d

23 at 733.  "[T]he district court is not restricted to the face of the pleadings, but may review any

24 evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

25 jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  When a Rule

26 ////

---

27

28 Rules.  See Fed. R. Civ. P. 12; Local Rule 230.  Nonetheless, in light of plaintiff's pro se status, the undersigned has considered the sur-replies in evaluating defendants' motions to dismiss.

12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist.  Thornhill Publ'g Co., 594 F.2d at 733.

## II.  Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(4) and Rule 12(b)(5)

"An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service."  Wasson v. Riverside Cnty., 237 F.R.D. 423, 424 (C.D. Cal. 2006).  Conversely, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint."  Id.  Pursuant to Rule 12(b)(5), a defendant may move to dismiss the action where the plaintiff has failed to effect proper service of process in compliance with the requirements set forth under Rule 4 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(b)(5).

If the court determines that the plaintiff has not properly served the defendant in accordance with Rule 4, the court has discretion to either dismiss the action for failure to effect proper service, or instead merely quash the ineffective service that has been made on the defendant in order to provide the plaintiff with the opportunity to properly serve the defendant.  See Marshall v. Warwick, 155 F.3d 1027, 1032 (8th Cir. 1998) ("[D]ismissal [is not] invariably required where service is ineffective: under such circumstances, the [district] court has discretion to either dismiss the action, or quash service but retain the case").

## III.  Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**IV.  Legal Standards Applicable to Motions For a More Definite Statement Pursuant to Rule 12(e)**

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court

5

1
2

sets, the court may strike the pleading or issue any other appropriate
order.

3   Fed. R. Civ. P. 12(e); <u>see also</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) ("If a

4   pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant

5   can move for a more definite statement under Rule 12(e) before responding."); <u>C.B. v. Sonora</u>

6   <u>Sch. Dist.</u>, 691 F. Supp. 2d 1170, 1190-91 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only

7   if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being

8   asserted, i.e., so vague that the defendant cannot begin to frame a response.").

9        A court should deny a motion for a more definite statement "if the complaint is specific

10  enough to notify [a] defendant of the substance of the claim being asserted" or "if the detail

11  sought by a motion for more definite statement is obtainable through discovery."  <u>C.B.</u>, 691 F.

12  Supp. 2d at 1191.  A Rule 12(e) motion "is likely to be denied where the substance of the claim

13  has been alleged, even though some of the details are omitted."  <u>Neveu v. City of Fresno</u>, 392 F.

14  Supp. 2d 1159, 1169 (E.D. Cal. 2005).  This liberal pleading standard is consistent with Federal

15  Rule of Civil Procedure 8(a) which allows pleadings that simply contain a "short and plain

16  statement of the claim."  <u>Id.</u>

17  **V.      Legal Standards Applicable to Motions for Summary Judgment Pursuant to Rule 56**

18       Summary judgment is appropriate when the moving party "shows that there is no genuine

19  dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

20  Civ. P. 56(a).  Under summary judgment practice, the moving party "initially bears the burden of

21  proving the absence of a genuine issue of material fact."  <u>In re Oracle Corp. Securities Litigation</u>,

22  627 F.3d 376, 387 (9th Cir. 2010) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).

23  The moving party may accomplish this by "citing to particular parts of materials in the record,

24  including depositions, documents, electronically stored information, affidavits or declarations,

25  stipulations (including those made for purposes of the motion only), admission, interrogatory

26  answers, or other materials" or by showing that such materials "do not establish the absence or

27  presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to

28  support the fact."  Fed. R. Civ. P. 56(c)(1)(A), (B).  When the non-moving party bears the burden

of proof at trial, "the moving party need only prove that there is an absence of evidence to support the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B).

Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"

1   Matsushita, 475 U.S. at 587 (citations omitted).  "In short, what is required to defeat summary

2   judgment is simply evidence 'such that a reasonable juror drawing all inferences in favor of the

3   respondent could return a verdict in the respondent's favor.'"  Zetwick v. County of Yolo, 850

4   F.3d 436, 441 (9th Cir. 2017) (quoting Reza v. Pearce, 806 F.3d 497, 505 (9th Cir. 2015)).

5          "In evaluating the evidence to determine whether there is a genuine issue of fact," the

6   court draws "all reasonable inferences supported by the evidence in favor of the non-moving

7   party."  Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011).  It is

8   the opposing party's obligation to produce a factual predicate from which the inference may be

9   drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),

10  aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing

11  party "must do more than simply show that there is some metaphysical doubt as to the material

12  facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the

13  nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation

14  omitted).

15                                        **ANALYSIS**

16  **I.       Medical Board's Motion to Dismiss**

17         Review of plaintiff's complaint finds that the Medical Board is not named as a defendant.

18  (Compl. (ECF No. 1) at 1, 3.)  Accordingly, the court did not issue a summons as to the Medical

19  Board.[4]  (ECF No. 5.)  Moreover, the complaint fails to contain any factual allegations related to

20  the Medical Board.  And the sole claim asserted in the complaint is a claim for "Investigation

21  Negligence" asserted against the VA.  (Compl. (ECF No. 1) at 4.)

22         Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

23  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

24  state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

25  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

26  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

27

28  [4] According to the Medical Board plaintiff "attached a list" of additional defendants to the
    summons issued to the VA.  (Medical Board MTD (ECF No. 9-1) at 5.)

                                            8

1   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

2   enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

3   557). A plaintiff must allege with at least some degree of particularity overt acts which the

4   defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

5         Moreover, even if the complaint had alleged factual allegations stating a claim against the

6   Medical Board, the Eleventh Amendment bars suits against a state, absent the state's affirmative

7   waiver of its immunity or congressional abrogation of that immunity. Pennhurst v. Halderman,

8   465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161

9   (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245

10  (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.,

11  616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its

12  agencies for all types of relief, absent unequivocal consent by the state.").

13        To be a valid waiver of sovereign immunity, a state's consent to suit must be

14  "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996); see also

15  Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245. "[T]here can be no consent

16  by implication or by use of ambiguous language." United States v. N.Y. Rayon Importing Co.,

17  329 U.S. 654, 659 (1947). Courts must "indulge every reasonable presumption against waiver,"

18  Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed

19  strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires."

20  United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal

21  quotation marks omitted). "To sustain a claim that the Government is liable for awards of

22  monetary damages, the waiver of sovereign immunity must extend unambiguously to such

23  monetary claims." Lane, 518 U.S. at 192.

24        The Ninth Circuit has recognized that "[t]he State of California has not waived its

25  Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and

26  the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh

27  Amendment immunity." Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir.

28  2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)).

9

As such, "the Eleventh Amendment bars a federal court from hearing claims by a citizen against dependent instrumentalities of the state." Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 972-73 (9th Cir. 1994).  The Medical Board "is an agency of the state of California . . . . [and] is therefore immune from private damages actions."[5] Forster v. Cnty. of Santa Barbara, 896 F.2d 1146, 1149 (9th Cir. 1990) (citations omitted); see also Rhee v. Medical Board of California, No. 2:18-cv-0105 KJM DMC, 2019 WL 4025002, at *1 (E.D. Cal. Aug. 27, 2019) ("The magistrate judge is correct that the Eleventh Amendment bars suit against a state agency, which bars plaintiff's claims against the Medical Board of California."); Yoonessi v. Albany Medical Center, 352 F.Supp.2d 1096, 1104 (C.D. Cal. 2005) ("the Medical Board of California, as a state agency, is entitled to sovereign immunity").

Accordingly, the undersigned finds that the Medical Board's motion to dismiss should be granted.

## II.      Defendant VA's Motion to Dismiss

Review of defendant VA's motion to dismiss finds that it should also be granted.  In this regard, the complaint's allegations relating to the VA are vague and conclusory.  The complaint alleges that "after recognizing and knowing the aftermath of the investigation . . . employees of the VA . . . breached their duty of care to plaintiff by acting below the standard of care for performing similar medical procedures and duties." (Compl. (ECF No. 1) at 4.)  Exactly how the VA engaged in "Investigation Negligence," as asserted by the complaint is entirely unstated.

Moreover, this action is brought pursuant to the "Federal Torts Claims Act."  (Id.)  This is because an action based on the negligent or wrongful conduct of a government employee must be brought against the United States as a claim pursuant to the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 2671-2680; see also Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998) ("the United States is the only proper party defendant in an FTCA action").  The FTCA "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992).

---

[5] The complaint seeks "past and future general damages" and "past and future special damages," as well as costs.  (Compl. (ECF No. 1) at 5.)

However, "[a] claimant must present a tort claim against the United States in writing to the appropriate Federal agency within two years after injury." Krueger v. Saiki, 19 F.3d 1285, 1286 (8th Cir. 1994) (citing 28 U.S.C. § 2401(b)); see also Hensley v. U.S., 531 F.3d 1052, 1056 (9th Cir. 2008) ("the statute provides that a tort claim 'shall be forever barred' unless it is presented 'within two years after such claim accrues'"). "When the appropriate federal agency denies an administrative FTCA claim, the claimant has six months, from the date when the denial was mailed by certified or registered mail, to file a complaint in federal court." Adams v. U.S., 658 F.3d 928, 933 (9th Cir. 2011) (citing 28 U.S.C. § 2401(b)).

Here, the complaint alleges that plaintiff's assault occurred in January of 2016. (Compl. (ECF No. 1) at 1.) In August of 2017, plaintiff presented a claim for damage to the VA. (Def.'s MTD (ECF No. 28-4) at 2.) On February 27, 2018, the Department of the Air Force issued plaintiff a letter denying plaintiff's claim based on part on the fact "that a full criminal investigation" identified no suspect. (Def.'s MTD (ECF No. 28-5) at 2.) Plaintiff was advised that plaintiff could "file suit in an appropriate United States District Court not later than six months after the date of mailing of" the February 27, 2018 letter. (Id.)

And plaintiff did in fact file such suits. As noted by defendant, this is the fifth civil action plaintiff has filed concerning the events at issue.[6] (Def.'s MTD (ECF No. 28-1) at 3.) This action, however, was not filed until November 4, 2022, years after the FTCA's time bar expired.

It is true that "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." U.S. v. Wong, 575 U.S. 402, 420 (2015). "[A] litigant is entitled to equitable tolling of a statute

---

[6] On June 9, 2023, the assigned District Judge related this action to Peter L. Fear v. United States of America, No. 2:18-cv-0233 KJM DB, Orlonzo Hedrington v. County of Solano, et al., No. 2:21-cv-0414 KJM DB, and Orlonzo Hedrington v. David Grant Medical Center, et al, No 2:22-cv-0074 KJM DB. (ECF No. 21.) Plaintiff also filed Orlonzo Hedrington v. David Grant Medical Center, et al., No. 2:23-cv-0801 TLN CKD PS. The court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).

11

of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Menominee Indian Tribe of Wisconsin v. U.S., 577 U.S. 250, 255 (2016) (quotation omitted); see also Neil through Cyprian v. Park, 833 Fed. Appx. 689, 690 (9th Cir. 2021) ("In California, equitable tolling applies when a plaintiff can show 'three elements: timely notice to the defendant, lack of prejudice to the defendant, and reasonable and good faith conduct by the plaintiff.'"). Here, plaintiff has failed to present any facts or argument that would satisfy the requirements for equitable tolling nor does it appear that plaintiff could.

Accordingly, the undersigned finds that defendant's motion to dismiss should be granted.[7] See Miller v. Department of Veterans Affairs, No. 2:17-cv-0759 KJM DMC, 2019 WL 5682827, at *2 (E.D. Cal. Nov. 1, 2019).

**III.   Leave to Amend**

The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, in light of the defects noted above, the undersigned finds that granting plaintiff leave to amend would be futile.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The Medical Board's May 11, 2023 motion to dismiss (ECF No. 9) be granted;

2. Defendant VA's June 20, 2023 motion to dismiss (ECF No. 28) be granted;

////

////

---

[7] In light of this finding the undersigned need not reach defendant's remaining arguments in support of dismissal.

12

1        3.  The complaint filed November 4, 2022 (ECF No. 1) be dismissed without leave to

2   amend; and

3        4.  This action be closed.

4        These findings and recommendations are submitted to the United States District Judge

5   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6   after being served with these findings and recommendations, any party may file written

7   objections with the court and serve a copy on all parties.  Such a document should be captioned

8   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

9   shall be served and filed within fourteen days after service of the objections.  The parties are

10  advised that failure to file objections within the specified time may waive the right to appeal the

11  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  Dated:  December 21, 2023

14                                                        _____
15                                                        DEBORAH BARNES
                                                          UNITED STATES MAGISTRATE JUDGE

25  DLB:6
    DB/orders/orders.pro se/hedrington1425.mtd.f&rs
26

13